# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

      Plaintiff,

v.

DESHAWN EVANS,

      Defendant.

Case No. 17-CR-29-4-JPS

**ORDER**

**1. BACKGROUND**

On June 11, 2021, Defendant filed a motion for compassionate release. ECF No. 242. On June 16, 2021, the Court referred the matter to Federal Defender Services of Wisconsin, Inc. ("FDS") for FDS to determine whether it would assist Defendant. ECF No. 244. FDS declined to file additional briefings on behalf of Defendant. ECF No. 255. On March 10, 2022, the Government filed a response in opposition to Defendant's motion. ECF No. 259. The Court finds that there is sufficient record on which it may deny Defendant's motion.

**2. FACTS**

In November and December of 2016, Defendant participated in a robbery spree in Milwaukee, Wisconsin. ECF No. 180. Along with co-defendant, Otis Hunter ("Hunter"), Defendant committed an armed carjacking outside the Aurora Sinai Hospital, beating the victim with a gun and stealing his Cadillac. ECF No. 165 ¶¶ 14–19. Five days later, Defendant and Hunter attempted to rob a Walgreens at gunpoint; when they were unable to access the cash register, Defendant struck the cashier on the head with a gun. *Id.* ¶¶ 24–27. Ultimately, Defendant was convicted of multiple

robbery- and gun-related crimes, two of which were brought under 18 U.S.C. § 924(c)(1)(A)(ii). ECF No. 180 at 1. On April 20, 2018, he received the mandatory minimum sentence for his crimes, plus one day: 384 months (32 years) and a day of imprisonment. The U.S. Court of Appeals for the Seventh Circuit affirmed his sentence, *United States v. Hunter*, 932 F.3d 610 (7th Cir. 2019), and the Supreme Court denied certiorari, *Hunter v. United States*, 140 S.Ct. 2522 (2020).

Defendant is now incarcerated at U.S.P. Lee, a high-security federal penitentiary in Virginia. He has incurred multiple disciplinary reports since he entered BOP custody in 2018, including for possessing drugs or alcohol, refusing his work assignment, disruptive conduct, possessing a phone, and interfering with security devices. ECF No. 259-1. His current release date is July 18, 2045.[1] He has now moved this Court for compassionate release.

3. **LEGAL STANDARD**

The Court can modify a term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or thirty days after the warden at the defendant's facility has received such a request for release, "whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). There must also be "extraordinary and compelling reasons warrant[ing] such a reduction[.]" *Id.* § 3582(c)(1)(A)(i).

While § 3582(c)(1)(A) instructs that a reduction must also be "consistent with applicable policy statements issued by the [United States] Sentencing Commission," this circuit recently held that the relevant policy statement, U.S.S.G. § 1B1.13, is inapplicable to prisoner-initiated motions

---

[1]*See* BOP Inmate Locator, https://www.bop.gov/inmateloc/ (last visited Apr. 18, 2022).

for compassionate release. *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020). Therefore, a court has discretion when determining what constitutes an "extraordinary and compelling" reason warranting compassionate release. *Id.* ("[T]he trailing paragraph of § 3582(c)(1)(A) does not curtail a district judge's discretion. Any decision is 'consistent with' a nonexistent policy statement."). A district court may also "make the same determinations that would normally be left to the Director of the Bureau of Prisons [under the catchall provision at U.S.S.G. § 1B1.13 n.1(D)]." *United States v. Brown*, Case No. 01-CR-196-JPS, 2020 WL 4569289, at *4 (E.D. Wis. Aug. 7, 2020). Yet, this Court will evaluate prisoner-initiated motions for compassionate release with due regard for the guidance provided in § 1B1.13 because it "provide[s] a working definition of 'extraordinary and compelling reasons' . . . [which] can guide discretion without being conclusive." *Gunn*, 980 F.3d at 1180; *see also United States v. Mays*, Case No. 1:08-cr-00125-TWP-DML, 2020 WL 7239530, at *3 (S.D. Ind. Dec. 9, 2020) (evaluating compassionate motions brought under the "extraordinary and compelling" prong of § 3582(c)(1)(A) with "due regard" for § 1B1.13).

The Court will also consider whether "the defendant is not a danger" to others or the community, as provided in 18 U.S.C. § 3142(g). *Id.* § 1B1.13(B)(2).

Prior to modifying a term of imprisonment, the Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a), if applicable. 18 U.S.C. § 3582(c)(1)(A). Pursuant to § 3553(a), when determining the sentence to be imposed, the Court shall consider, among other things: the nature and circumstances of the offense; the defendant's history and characteristics; and the need for the sentence to (1) reflect the seriousness of the offense, promote respect for the law, and provide just punishment,

(2) afford adequate deterrence, (3) protect the public, and (4) provide the defendant with effective training, care, and/or treatment.

The First Step Act additionally amended the penalties for using a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). *United States v. Thacker*, 4 F.4th 569, 572 (7th Cir. 2021), *cert. denied*, 142 S. Ct. 1363 (2022). Before the First Step Act, § 924(c) provided for a minimum consecutive sentence of 20 years of imprisonment—later revised to 25 years—in the case of a "second or subsequent conviction" under § 924(c), including when that second or subsequent conviction was obtained in the same proceeding as the defendant's first conviction under § 924(c). *Id*. In the First Step Act, Congress amended § 924(c) to provide for a minimum consecutive sentence of 25 years of imprisonment only in the case of a violation of § 924(c) that occurs after a prior conviction under § 924(c) has become final in a separate case. *Id.* Congress specified that the amendment would apply to defendants sentenced after the date of the First Step Act's enactment (December of 2018). *Id.*

4. **ANALYSIS**

As the Seventh Circuit has explained, Congress "made plain" that "the First Step Act's anti-stacking amendment applies prospectively"—i.e., that the reduction in § 924(c) sentencing does not apply to cases in which the defendant was sentenced prior to December of 2018. *Thacker*, 4 F.4th at 573. "There is no way to read [Congress's] choice as anything other than deliberate." *Id.* The resentencing authority conferred by § 3582(c)(1)(A)(i) "cannot be used to effect a sentencing reduction at odds with" that express and deliberate determination. *Id.* at 574. "Put another way, there is nothing 'extraordinary' about leaving untouched the exact penalties that Congress prescribed and that a district court imposed for particular violations of a

statute." *Id.* As a result, "the discretionary sentencing reduction authority conferred by § 3582(c)(1)(A) does not permit—without a district court finding some independent 'extraordinary or compelling' reason—the reduction of sentences lawfully imposed before the effective date of the First Step Act's amendment to § 924(c)." *Id.* at 575.

Defendant asks the Court to reduce his sentence under § 3582(c)(1)(A)(i), suggesting that he should be resentenced as though the First Step Act applied to his case. ECF No. 242. To be eligible for that relief, Defendant "bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021). He contends that one such "extraordinary and compelling reason" exists, which is the First Step Act's amendment to § 924(c). ECF No. 242 at 14. But, as explained above, the Seventh Circuit has conclusively rejected that argument. *Thacker* forecloses Defendant's request for compassionate release: the "extraordinary and compelling reasons" supporting early release "cannot include, whether alone or in combination with other factors, consideration of the First Step Act's amendment to § 924(c)" in cases sentenced before the change in the law. *Id.* at 576. That alone resolves this motion.[2]

---

[2]On March 14, 2022, the Court received a letter from Defendant in which he writes, "I've recently been notifyed [sic] that the First Step Act has been made retroactive." ECF No. 260. The Court was unable to find any law substantiating this claim. As recently as late last month (after Defendant submitted his letter), other courts in this circuit have agreed that the First Step Act is not retroactive as to § 924(c) charges. *See, e.g., United States v. Key*, No. 11-CR-2, 2022 WL 833607, at *4 (E.D. Wis. Mar. 21, 2022) ("[W]hile a district judge may consider the First Step Act's amendment to § 924(c) in determining the length of the warranted reduction, the court must first find some independent 'extraordinary or compelling' reason.").

**5.    CONCLUSION**

Defendant has not proffered an extraordinary and compelling reason warranting his release. Therefore, the Court will deny his motion for compassionate release, ECF No. 242. The Court will also deny as moot Defendant's motion for status, ECF No. 254.

Accordingly,

**IT IS ORDERED** that Defendant Deshawn Evans's motion for compassionate release, ECF No. 242, be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that Defendant Deshawn Evans's motion for status, ECF No. 254, be and the same is hereby **DENIED** as moot.

Dated at Milwaukee, Wisconsin, this 18th day of April, 2022.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge